Filed 11/20/15  Weinstein v. Los Angeles County CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MICHAEL WEINSTEIN et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> LOS ANGELES COUNTY et al., <br><br> Defendants and Appellants. | B252043 <br><br> (Los Angeles County <br> Super. Ct. No. BS138053) |
| MICHAEL WEINSTEIN et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> LOS ANGELES COUNTY et al., <br><br> Defendants and Respondents. | B255642 <br><br> (Los Angeles County <br> Super. Ct. No. BS138053) |

APPEALS from orders of the Superior Court of Los Angeles County, Robert H. O'Brien, Judge.  (Retired judge of the L.A. Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed.

Strumwasser & Woocher, Gregory G. Luke and Dale K. Larson; AIDS Healthcare Foundation, Thomas Meyers and Samantha Azulay for Plaintiffs and Appellants.

Ford, Walker, Haggerty & Behar, Renee E. Jensen; Greines, Martin, Stein & Richland, Timothy T. Coates and Barbara W. Ravitz for Defendants, Appellants, and Respondents.

—————————————

In this consolidated appeal, the County of Los Angeles and others[1] (collectively, the County) challenge the trial court's award of "private attorney general" fees to Michael Weinstein and AIDS Healthcare Foundation (collectively, AHF) pursuant to section 1021.5 of the Code of Civil Procedure.[2]  For its part, AHF challenges the amount of the fees awarded.  Because, in a prior appeal, we reversed the judgment upon which the attorney fees award was based, we must also reverse the postjudgment order awarding attorney fees to AHF.[3]

## BACKGROUND

### I.    The Merits Appeal

In February 2012, the County approved a no-bid contract with Ramsell Public Health Rx, LLC (Ramsell) for pharmacy administrator services to assist the County in implementing provisions of the Affordable Care Act (42 U.S.C. § 300gg et seq.).  After AHF challenged the award of the contract, the trial court invalidated the contract in June 2012.  Days later, the County approved another no-bid contract with Ramsell substantially identical to the first contract, but which had a one-year term.  AHF challenged the second contract.

The trial court found that an exception in the County Code permitting no-bid contracts where the contract was for personal services of an "extraordinary and technical

—————————————

[1] The other appellants are the Los Angeles County Board of Supervisors, the Los Angeles County Department of Health Services, and individual members of the Los Angeles County Board of Supervisors.

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[3] AHF's motion for judicial notice is denied as moot.

2

nature" and where the services were temporary did not apply because the County had not demonstrated any specialized skills were required to administer the pharmacy benefits under the contract; rather, rudimentary computer and organizational skills were sufficient.

On appeal, the County argued that the trial court failed to accord sufficient deference to the County's conclusion that the exception applied; the contract was exempt from competitive bidding because it was a personal services contract that (1) could not be performed by County employees in the time available; (2) involved services of an extraordinary professional or technical nature, and (3) remedied an emergency situation that required quick action.

In an opinion dated June 17, 2015, we agreed with the County that the trial court failed to accord sufficient deference to the County's evaluation of its needs for the services of a pharmacy administrator who could provide the necessary data management and provision of pharmaceuticals to address its needs in implementing provisions of the Affordable Care Act, and reversed with directions that the trial court enter judgment in the County's favor. (*Weinstein v. County of Los Angeles* (2015) 237 Cal.App.4th 944.)

On July 8, 2015, we denied AHF's petition for rehearing. On September 9, 2015, our Supreme Court denied AHF's petition for review. (*Weinstein v. County of Los Angeles*, review den. Sept. 9, 2015, S228099.)

## II. The Attorney Fees Appeal

In September 2013, following entry of judgment in its favor, AHF moved for its attorney fees and costs pursuant to section 1021.5. AHF sought $233,613.49 in fees and costs plus whatever fees and costs were incurred in connection with the motion. The County opposed the motion, arguing that AHF had not met the statutory requirements for an award of private attorney general fees—that is, no important right had been enforced, no substantial benefit conferred on the general public and no financial burden to AHF that exceeded its personal financial interest. In reply, AHF increased its request to $267,947.84.

On October 9, 2013, after hearing oral argument from the parties, the trial court granted AHF's motion, finding that "all the precepts of a . . . section 1021.5 award have been met," but reducing the award by $30,000 due to AHF bringing a motion to compel where the "initial scope of the request was excessive."

On October 18, 2013, the County timely appealed from the fee order. On November 5, 2013, AHF filed a timely notice of appeal, contending that the trial court improperly deducted the $30,000 in fees related to the motion to compel and failed to add into the award the approximately $34,000 in fees it incurred in connection with the motion and which it documented in its reply papers.[4]

## DISCUSSION

It is well established that when the judgment upon which a subsequent attorney fees award is based is reversed—that is, when the prevailing party is no longer the prevailing party—the attorney fees award must also be reversed. (See, e.g., *Metropolitan Water Dist. v. Imperial Irrigation Dist.* (2000) 80 Cal.App.4th 1403, 1436 ["Our reversal of the judgment in favor of defendants requires we vacate the . . . cost award in their favor"]; *Southern Pacific Transportation Co. v. Mendez Trucking, Inc.* (1998) 66 Cal.App.4th 691, 696 ["Since we reverse the judgment below, respondent is no longer the prevailing party, and thus not entitled to attorney fees . . . ."]; *Cutujian v. Benedict Hills Estates Assn.* (1996) 41 Cal.App.4th 1379, 1390 ["In view of our reversal of the judgment, the order awarding attorney fees must also be reversed"].)

This principle holds true even when the attorney fees are awarded to a prevailing party acting as a private attorney general. (*City of Vernon v. Board of Harbor Comrs.*

---

[4] The County's appeal and AHF's initial appeal are case number B252043. On October 30, 2013, AHF filed a motion in the trial court to correct a clerical mistake which AHF believed to appear on the face of the order awarding fees. On January 22, 2014, the trial court denied AHF's motion. On March 26, 2014, AHF timely appealed from that ruling in B255642. On June 5, 2014, pursuant to the parties' stipulation, B252043 and B255642 were consolidated for the purposes of briefing, oral argument and decision.

(1998) 63 Cal.App.4th 677, 693; *Silveira v. Las Gallinas Valley Sanitary Dist.* (1997) 54 Cal.App.4th 980, 984.)

Accordingly, our reversal of the judgment in favor of AHF requires that we also vacate the attorney fees award in its favor.

## DISPOSITION

The order of attorney fees and costs in favor of Michael Weinstein and AIDS Healthcare Foundation is reversed.[5]  Los Angeles County, Los Angeles County Board of Supervisors, Los Angeles County Department of Health Services, Gloria Molina, Mark Ridley-Thomas, Zev Yaraoslavsky, Don Knabe, and Michael Antonovich shall recover costs on appeal.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


LUI, J.

---

[5] Because the appeal in case number B252043 is reversed, the appeal in B255642 is moot.